MRS. HORACE G. ISOM V. STATE.

No. 30,582. April 8, 1959.
Motion for Rehearing Overruled May 20, 1959.

*G. C. Harris,* Greenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of intoxicating liquors, with punishment assessed at a fine of $100.

An agent of the Texas Liquor Control Board secreted himself at night near appellant's home. As he watched, he saw appellant leave the house, go to a vacant lot, pick up a package, return, and deliver it to someone. Later, there occurred a second transaction similar to the first. The third time appellant went to the same lot the agent followed her. As appellant was returning to the house, the agent stopped her. She had two bottles on her person.

At the place where appellant had picked up the packages on the prior occasions, a quantity of wine, whisky, and gin was found by the officer, or agent.

Appellant denied any knowledge of or connection with the liquors so found by the agent. She denied the testimony of the agent as to her different trips to the place where the liquors were thereafter found.

The testimony of the agent was sufficient to authorize the jury's conclusion of guilt.

Appellant urges two propositions as reversible error:

The first arose during the direct examination of the agent, when he testified that he had been to the home of the appellant prior to the time testified about.

Appellant's objection to such testimony was sustained, and the jury was instructed to disregard it.

Appellant insists that the testimony was so prejudicial and inflammatory as that the harmful effect was not to be eliminated by its withdrawal, because it tended to place her reputation in

issue and to suggest that the officer had been watching her home on prior occasions.

We are unable to agree with appellant's contention, especially in view of the assessment by the jury of the minimum punishment of a fine of $100. We can not agree that under those circumstances presented the appellant was prejudiced before the jury.

As to the second proposition, appellant insists that certain notations and writing upon some of the bottles taken in the transaction were improperly introduced in evidence, over her objection that they were hearsay.

It is a sufficient answer to that proposition to say that this record does not reflect what those notations were or that they were ever introduced in evidence before the jury.

Consequently we have no way of appraising the admissibility thereof.

No reversible error appearing, the judgment is affirmed.